# Braddee *against* Wiley.

Rent which becomes due after the sale of the estate by the sheriff passes to the purchaser; and the revised act of June 1836, does not change the law in this particular, from what it was under the act of April 6, 1802.

ERROR to the special court of *Fayette* county.

This was an action of covenant by John F. Braddee against Samuel Wiley. The plaintiff Braddee being the owner of a farm, leased the same to the defendant, Wiley, for the term of four years, ending on the 1st of April 1838, at 160 dollars per annum, payable at the end of each year. On the 5th of January 1838, the farm was

[Braddee v. Wiley.]

sold by the sheriff, as the property of Braddee, to N. Ewing, Esq., and the deed was then acknowledged and delivered. The question which arose was, whether the whole year's rent was payable by the tenant to the purchaser, or whether Braddee was entitled to an apportionment, and to receive up to the date of the sheriff's deed.

*Grier,* president.—" The only question arising in the case is, whether the purchaser at sheriff's sale is entitled to the year's rent which became due on the 1st of April 1838, he having received his deed January 5, 1838, or whether the rent should be apportioned, and plaintiff allowed to recover three-fourths of the 150 dollars, no part of which was due when his title was divested.

" That the rent follows the reversion, is an old maxim of the law, and one which has been properly applied in the construction of the act of April 6, 1802, which gives to purchasers at sheriff's sale, the like remedies to recover rents due subsequent to such sale, as the defendant in such judgment had. See Bank *v.* Wise, 3 *Watts* 401.

"But plaintiff's counsel allege that the revised act on this subject, (act of June 16, 1836, about executions, sect. 119,) intended a different provision in cases like the present, and that the rent falling due after the sheriff's sale should be apportioned between the purchaser and former owner, and thus argue, because the last act uses the words ' rents or sums *accruing* subsequently,' &c., instead of the words, ' due subsequently,' that *therefore* the legislature intended a different construction should be put upon the last act, and therefore that they meant the rent should be apportioned.

" If such were the intention of the legislature, I can only say that they have been singularly unfortunate in expressing it. If use and authority have any thing to do with the construction of words, I know of no other definition of ' *accruing*' as here used, than ' *becoming due and payable.*' It is apparent too that the alteration of the words of this act had reference entirely to the case of Sheerer *v.* Stanly, 2 *Rawle* 277, to which decision the act was intended to be accommodated. The word ' *accrued*' is there used by the chief justice evidently in the sense I have just given, and the word ' *accruing,*' in the argument of the learned counsel Mr Meredith, is used with the same precise meaning; I can have no doubt, therefore, that the law is not, nor was intended to be in this respect altered from the old act, which was so correctly construed on the principles of the common law in Bank *v.* Wise, and that therefore judgment should be entered for defendant."

Plaintiff's counsel excepted to this opinion.

*Patterson,* for plaintiff in error, cited 2 *Yeates* 264; 2 *Rawle* 161, and contended that the phraseology of the act of 1836 differed from that of 1802, and that it was the intention of the legislature to change the law.

[Braddee v. Wiley.]

*Howell* and *Deford,* for defendant in error, cited 2 *Rawle* 278; 3 *Penn. Rep.* 500; 2 *Penn. Rep.* 340; 3 *Watts* 394; 7 *Watts* 438; 3 *Whart.* 24; 4 *Watts* 99.

PER CURIAM.—The reasons given by the president of the district court, are so full and satisfactory, that it is deemed unnecessary to go into any particular examination of the question here. The words in each statute have exactly the same meaning; and the only thing which could cast a doubt on the intent, is that an alteration in the language has been made, and, on the principle of the interpretation adopted, to no purpose. It was perhaps to accommodate the language of the new act to the words referred to, that an alteration was deemed convenient, if not necessary; at all events, it is not clear that a new provision was intended to be introduced, and we are not to alter the law upon the foundation of a surmise.

Judgment affirmed.